IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JANIE MALMAY GOYNE                                                                                         PLAINTIFF

V.                                            Case No. 11-CV-1072

FRED'S STORES OF TENNESSEE, INC.                                                            DEFENDANT

### MEMORANDUM OPINION

Janie Malmay Goyne ("Goyne"), a female, brings this action against her former employer, Fred's Stores of Tennessee, Inc ("Fred's"). Before the Court is a Motion for Summary Judgment filed by Fred's. (ECF No. 12). Goyne has filed a response in opposition (ECF No. 17), and Fred's has filed a reply. (ECF No. 19). The Court finds the matter ripe for consideration. After careful consideration, and for reasons that follow, summary judgment will be entered in favor of Fred's.

### BACKGROUND

In 1993, Goyne began work for Fred's as an office clerk. Later the same year, Fred's offered Goyne a management position, and she worked as an assistant manager in two different stores in Louisiana. Goyne became store manager in El Dorado, Arkansas, in 1994. Fred's required its managers, including Goyne, to count the petty cash twice a day, once when the store opens and again at the store's closing. Fred's also required its manager to maintain a petty cash log to document the times of day that they counted the petty cash. On January 12, 2011, Fred's Loss Prevention Associate David Brown was called to Goyne's store to investigate petty cash shortages, which occurred in December 2010 and early January 2011. As part of his investigation, Brown viewed video from the store's closed-circuit television ("CCTV") and concluded that Goyne did not count the petty cash the morning of January 6, 2011. In the store's petty cash log, Goyne represented that

she had counted the petty cash at 8:00 a.m. that day. Fred's terminated Goyne on February 2, 2011, and replaced her with a twenty-three year old male. On December 21, 2011, Goyne initiated this action, alleging that she was terminated because of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-107.[1]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a summary judgment motion, the Court "must view the evidence 'in the light most favorable to the nonmoving party.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 445 (8th Cir. 2008) (citing *Dash v. Appleton Elec. Co.*, 124 F.3d 957, 962-63 (8th Cir. 1997)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (106 S. Ct. 2505, 91 L. Ed. 2d202 (1986).

---

[1] Goyne originally stated a claim for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); however, she seems to have abandoned this claim and states that she "has no objection to the dismissal of her age discrimination claim brought under the ADEA." (ECF No. 17, p. 4, n. 1).

# DISCUSSION

Goyne makes a disparate-treatment claim under Title VII and ACRA, alleging discrimination based on Goyne's gender. Both Title VII and ACRA prohibit employers from discriminating based on gender with respect to compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2(a)(1); Ark. Code Ann. § 16-123-107. Title VII and ACRA claims are governed by the same standards. *McCullough v. University of Ark. for Medical Sciences*, 559 F.3d 855, 860 (8th Cir. 2009).

Goyne concedes that she has no direct evidence to support her gender discrimination claim; thus, the Court will analyze the claim under the *McDonnell Douglas Corp. v. Green*, 411 U.S, 792, 93, S. Ct. 1817, 36 L. Ed.2d 668 (1973), burden-shifting framework. *Holland v. Sam's Club*, 487 F.3d 641, 644 (8th Cir. 2007). To establish a prima facie case of disparate treatment on the basis of gender, Goyne must show that: (1) she is within the protected class; (2) she was qualified to perform her job; (3) she suffered an adverse employment action; and (4) she was treated differently from similarly-situated male employees. *Thomas v. Corwin*, 483 F.3d 516 (8th Cir. 2007). If Goyne establishes a prima facie case, the burden of production shifts to Fred's to articulate a legitimate, nondiscriminatory reason for discharging Goyne. *See McCullough*, 559 F.3d at 860. If Fred's meets this burden, then Goyne must show that Fred's proffered reason for firing her is a pretext for unlawful discrimination. *Id.*

The first three elements of Goyne's prima facie case are not in dispute; however, the parties disagree as to the fourth element, which requires evidence that Goyne was treated differently than similarly-situated male employees. To establish this element, Goyne must show that she and a similarly situated male "were involved in or accused of the same or similar conduct and were

disciplined in different ways." *Shaffer v. Potter*, 499 F.3d 900, 905 (8th Cir. 2007). Plaintiff cites to two instances where she argues that similarly-situated male managers were treated differently. Marlin McDonald, a male manager at Fred's, failed to keep his petty cash in balance on at least two occasions and was not terminated. Another male manager at Fred's, Butch Willis, kept an "inconsistent sensormatic log," an "incorrect bank deposit log," and a CCTV log that was not up to date, and he was not terminated. The Court notes that neither of these male managers engaged in the same conduct as Plaintiff—failing to count the petty cash and representing that she had done so. McDonald had issues with keeping the petty cash in balance and Willis was cited for inaccurate store logs other than the petty cash log. Neither of the male managers, however, were cited for falsifying the petty cash log to represent that they had counted the petty cash when they had not actually counted it. Goyne has failed to show that she and these two male managers were similarly situated. The Court, therefore, finds that Goyne has failed to satisfy the fourth element required to show a prima facie case of gender discrimination.

Even assuming that Goyne made a prima facie case of discrimination based on gender, she cannot meet her burden of showing that Fred's explanation for Goyne's termination was pretext for discrimination. *See Onyiah v. St. Cloud State University*, 684 F.3d 711, 716 (8th Cir. 2012). Fred's asserts that it fired Goyne because she failed to count the petty cash as required and falsified the petty cash log to indicate that she had. Because Fred's has articulated a legitimate, nondiscriminatory reason for Goyne's termination, the burden of persuasion shifts back to Goyne to prove that the proffered justification is pretext for discrimination. *Id*.

There are at least two ways that Goyne may demonstrate a material question of fact regarding pretext. *Id*. First, she may show that Fred's explanation is unworthy of credence because it has no

basis in fact. *Togerson v. City of Rochester*, 643 F.3d 103, 1047 (8th Cir. 2011). Alternatively, Goyne may show pretext by persuading the court that discriminatory animus more likely motivated Fred's. *Onyiah*, 684 F.3d at 716. To demonstrate pretext, Goyne points to potential male comparators who she contends were treated differently. She further asserts that the insignificance of Goyne's infraction and alleged discrepancies in pay rates for male and female store managers are evidence that a prohibited reason, rather than Fred's stated reason, more likely motivated Fred's to terminate Goyne.

At the pretext stage, the test for determining whether employees are similarly situated to a plaintiff is a rigorous one, and the plaintiff must show that the male employees are similarly situated in all relevant aspects. *Id*. at 717. The potential comparators "must have . . . engaged in the same conduct without any mitigating or distinguishing circumstances." *Bone v. G4S Youth Services, LLC*, 688 F.3d 948, 956 (8th Cir. 2012) (citing *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000)). Further, to be probative of pretext, the misconduct of more leniently disciplined employees must be of comparable seriousness. *Id*.

Goyne fails to show that she and the male managers discussed above are similarly situated in all relevant respects. Goyne identifies McDonald and Willis as comparators; however, as discussed above, neither of these male managers engaged in the same conduct as Goyne. There is no evidence that either McDonald or Willis misrepresented on a company log that they had performed an important job duty when they had not, which is conduct that Fred's considers to be more serious than reporting a petty cash imbalance. The Court is not persuaded that Goyne and the two male managers were engaged in the same conduct for purposes of considering the male managers proper comparators at the pretext stage of this analysis. Further, the Court cannot conclude

that Goyne's conduct and the conduct of the two male managers were of comparable seriousness. Construing the evidence in the light most favorable to Goyne and keeping in mind that the comparator standards at the pretext stage is rigorous, the Court concludes that Goyne has not met her burden of demonstrating that the two male managers are similarly situated.

Goyne further asserts that being terminated for an "insignificant" infraction is evidence of discrimination. Goyne knew that a failure to count petty cash twice a day was a violation of Fred's policy as was falsifying company records.[2] Fred's considers these infractions to be significant, because Goyne's conduct involved a misrepresentation and prevented Fred's from properly investigating petty cash shortages and discrepancies. Goyne also points to alleged disparities in pay rates between male and female store managers as evidence of discrimination. The general statistical spreadsheet provided by Goyne in support of this assertion, however, has little probative value as the spreadsheet contains no headings to identify the information contained in each column or the spreadsheet as a whole and does not include a date range. Moreover, there is evidence that, at the time of her termination, Goyne was the second highest paid manager in the district.

Even assuming that Goyne has made out a prima facie case of discrimination, she has failed to present adequate proof to demonstrate a genuine issue of material fact on pretext to overcome Fred's proffered legitimate, nondiscriminatory reason for terminating her. Accordingly, summary judgment in favor of Fred's is appropriate as to Goyne's claims under Title VII and the ACRA. *See Barber v. C1 Truck Driver Training, LLC*, 656 F3d 782, 792 (8th Cir. 2011) ("[C]laims of

---

[2] On November 25, 2010, Plaintiff signed an "Employee Handbook Statement" acknowledging that she "received a copy of Fred's Employee Handbook . . . and [that she] must abide by all policies and procedures of Fred's . . . without exception."

discrimination . . . are properly analyzed under the same legal framework whether brought under Title VII or ACRA.")

## **CONCLUSION**

Upon consideration, the Court finds that Defendant's Motion for Summary Judgment should be and hereby is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 1st day of May, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge